OWEN, Chief Judge.
Appellant was convicted of second degree murder of one John Reschak. We conclude from our view of the record that the evidence will not sustain a conviction of homicide in any degree other than manslaughter, and we therefore reverse the judgment and sentence and remand for entry of a judgment of guilt of manslaughter and appropriate sentence thereon.
In the course of what was otherwise a very complete and comprehensive charge to the jury on its duties and on the law to be applied, the court omitted from Standard July Instruction 2.11, “PRESUMPTION OF INNOCENCE AND REASONABLE DOUBT” the following two paragraphs:
“The presumption accompanies and abides with the defendant as to each and every material allegation in the information through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.”
“To overcome the presumption of innocence of the defendant and establish his guilt, it is not sufficient to furnish evidence merely tending to prove guilt, nor to prove a mere probability of guilt, but proof of guilt to the exclusion of and beyond every reasonable doubt is absolutely necessary.”
In deviating from the standard jury instruction, the trial judge did not state on the record or in a separate order the respect in which he found the standard form erroneous or inadequate, and the legal basis of his finding. The unexplained omission of these portions of Standard Jury Instruction 2.11 is error. Nonetheless, we conclude that the error was harmless because the remainder of that instruction adequately explains that the presumption of innocence does not leave the defendant unless and until every material allegation of the information has been proved and that the indispensable quantum of proof is evidence to the exclusion of and beyond every reasonable doubt.
We therefore conclude that a new trial is not necessary and that upon remand an appropriate judgment and sentence for manslaughter should be imposed.
Reversed and remanded for further proceedings consistent herewith.
CROSS, J., and SHOLTS, THOMAS, Associate Judge, concur.